Jeremy J. Gugino
Chapter 7 Bankruptcy Trustee
111 Broadway
Suite 101
PMB 222
Boise, ID  83702
(208) 514-7623
gugino@cableone.net

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>    MERRILL, COLLEEN<br><br><br><br>                        Debtor(s) | **CHAPTER 7**<br><br>CASE NO.  09-00921-JDP<br><br>**MEMORANDUM** |

COMES NOW the Trustee, **Jeremy J. Gugino**, in the above-entitled matter and offers the following memorandum in support of his objection to Debtor's claim of exemption in the contents of a Wells Fargo bank account (#2134) pursuant to Idaho Code § 11-207.

### FACTS

Trustee believes the facts will ultimately be undisputed and should readily be established at hearing.  Trustee plans on taking testimony from Colleen Merrill ("Debtor") and/or her non-filing spouse.  Based on Debtor's testimony at her § 341 meeting, Trustee believes the facts are as follows:

Debtor and her non-filing spouse John Merrill ("John") have been married since 1989. Importantly, although allegedly estranged, they were legally married as of 4/13/2009 – the day Debtor filed for bankruptcy.  Starting sometime in 1998, John started making regular contributions to a 401(k) plan with his then-employer.  Ultimately, John's employer was bought

out by another company which did not offer a 401k plan.  Accordingly, John and Debtor decided to "roll" the 401(k) funds into a private IRA administered by Vanguard.  In early July of 2008, John cashed out his Vanguard IRA and deposited the funds into the Wells Fargo bank account at issue in this case.  Ex. B.[1]  Debtor testified at her § 341 meeting that the sole source of the contents of the bank account was her husband's IRA proceeds.  Said bank account was maintained in both John and Debtor's name.  Debtor filed a pro se, in forma pauperis, chapter 7 bankruptcy petition on 4/13/2009.  Upon receiving notice of the bankruptcy, Wells Fargo immediately froze three accounts that were maintained solely by Debtor or jointly by Debtor and John.  The accounts and balances were as follows:

| Account # | Balance |
|-----------|---------|
| 0358 | $1,243.67 |
| 6341 | $100.00 |
| 2134 | $20,004.59 |

Trustee was issued three checks from Wells Fargo for $1,243.67; $100.00; and $19,979.59[2] and is currently holding said funds.  *See* Ex. A.  Debtor, after hiring an attorney, filed amended schedules and claimed 75% exemptions in account #0358 and #2134.  Debtor has not disclosed, nor claimed an exemption in, account #6341.  Trustee timely objected to Debtor's claim of exemption in account #2134.  Debtor responded.

## LEGAL AUTHORITY

The present analysis begins with § 541(a) of the Bankruptcy Code which defines property of the estate to include all of a debtor's legal and equitable interests in property.  Section

---

[1] Copies of two checks representing the proceeds of the Vanguard IRA were provided to the Trustee by Debtor.  Trustee presumes Debtor's counsel will produce the originals or original copies.  The Court will note that the amount of the checks exceeds the value at issue in this case.  Trustee presumes, based on private conversations with Debtor prior to her retention of Mr. French and John that the money was used for John's living expenses from 7/2008 to 4/13/2009.  Regardless, the amount actually in the account on the date of bankruptcy was $20,004.59.

541(a)(2) expands that scope to include not only the debtor's community property rights, but also the community property rights of the debtor's spouse that is "under the sole, equal, or joint management and control of the debtor[.]"  In Idaho, property acquired during the course of a marriage is community property.  Idaho Code § 32-906.  Both spouses have the right to manage and control community property.  Idaho Code § 32-912.

In the present case, John started accumulating 401k funds in 1998 – almost 10 years after he and Debtor were married.  They were still married as of the day Debtor filed for bankruptcy.  Accordingly, the 401(k)/Vanguard IRA/Wells Fargo funds are property of the estate and can be administered by the Trustee.

Of course, debtors are allowed to exempt certain property from administration by the Trustee.  Idaho has "opted-out" of the federal bankruptcy exemptions, and its citizens are limited to the exemptions allowed under state law.   11 U.S.C. § 522(b); Idaho Code § 11-609.  Exemption statutes are to be liberally construed in favor of the debtor.  *In re Duman*, 00.3 I.B.C.R. 137, 137 (Bankr. D. Idaho 2000). Trustee bears the burden of proving that Debtors' exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

Idaho Code § 11-207(1) states in relevant part:

> Except as provided in subsection (2) of this section, the maximum amount of the aggregate <u>disposable earnings</u> of an individual for any work week which is subjected to garnishment shall not exceed (a) twenty-five per cent (25%) of his disposable earnings for that week, or (b) the amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage prescribed by 29 U.S.C.A. 206(a)(1) in effect at the time the earnings are payable, whichever is less.

(emphasis added).  The term "disposable earnings" is defined under Idaho Code § 11-206 as "that part of the earnings of any individual remaining after the deduction from those earnings

---

[2] It appears as though Wells Fargo deducted a $25.00 fee prior to remitting the funds to Trustee.  Trustee is unaware what this charge was for, but, candidly, has not sought reimbursement from Wells Fargo.

of any amounts required by law to be withheld." The statute also defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." The 75% exemption allowed by Idaho Code § 11-207 applies to "disposable earnings," that is, the debtor's earnings LESS amounts "required by law to be withheld." This would seem to include deductions such as taxes, but not elective deductions such as health insurance or 401k contributions since the latter categories are not "required" to be withheld by law.

The term "earnings" applies to a broad range of monies that may be garnished. The case law has applied the statute's protection to everything from "accounts receivable" to "commissions." *See In re Sanders, supra* (real estate commissions); *In re Grewal*, 96.4 I.B.C.R. 146 (Bankr. D. Idaho 1996) (accounts receivable); *In re DeBoer*, 99.3 I.B.C.R. 101 (Bankr. D. Idaho 1999) (accounts receivable). However, it does have its limits. This Court has held that § 11-207 does not apply to amounts being held in a Keogh plan, *In re Wright*, 84 I.B.C.R. 63 (Bankr. D. Idaho 1984), or an IRA, *In re Phelps*, 92 I.B.C.R. 67 (Bankr. D. Idaho 1992). *See also In re Sanders*, 05.4 I.B.C.R. 92 (Bankr. D. Idaho 2005). The rationale behind the decisions was that money in those accounts were "accumulated funds rather than funds derived from current income." *Keller, supra* at 67.

However, the "accumulated funds" argument seems to have been modified in *In re Santillanes*, 05.4 I.B.C.R. 92 (Bankr. D. Idaho 2005). In that case, the debtor made periodic payments into a "share savings account" with a local credit union as a condition for securing several loans. Under the agreement, the debtor could not withdraw those funds until the loans had been paid off. At the time he filed for bankruptcy, the debtor had accumulated $7,500.00 in his share savings account. In finding that the debtor could properly exempt that money under

Idaho Code § 11-207, the Court noted first that the debtor's wages had not lost their character just because they were deposited into a share savings account. *Id*. at 94.  Although the debtor was precluded from withdrawing the funds until the loans were paid off, he otherwise would be able to deposit and withdraw funds like any other bank account. *Id*.  The Court also rejected the trustee's argument that only "current earnings" should be protected, noting that the definition of "earnings" includes monies "paid" to the debtor  - thus contemplating that earnings could be protected regardless of when they were paid. *Id*.  Indeed, Trustee expects that Debtor will use *Santillanes* in support of her claim of exemption.

However, *Santillanes* is distinguishable from the present case.  In that case, the money at issue went directly from the debtor's paycheck into the savings account.  Thus, it retained its character as "money." 05.4 I.B.C.R. at 94.  In the present case, the funds at issue have effectively been "washed" of their exempt character.  The money at issue started as wages and was then deposited into a 401(k) plan at the employee's election. *See* 26 U.S.C. §401(k)(2)(B). Upon the sale of John's employer, the 401(k) plan he had been contributing to ceased to exist. The funds were then "rolled over" into the Vanguard IRA.  Those funds were then liquidated and deposited into a regular bank account.  Once the funds left the 401(k), they ceased to be monies subject to Idaho Code § 11-207.  The "permanent investment" analysis of *Porter v. Aetna Cas. & Surety Co.*, 370 U.S. 159 (1962) adopted by the Court in *Santillanes* is instructive.  In *Porter*, the U.S. Supreme Court discussed whether money put into a share savings account had become a "permanent investment," thereby losing its exempt character as money.  The Court decided it had not since, despite the restrictions put on the account at issue in *Porter*, the Debtor could deposit and withdraw money from the account in the same way it could in a checking account. *Porter*, 370 U.S. at 161-62.  This Court found that reasoning persuasive in coming to its decision in *Santillanes*.

The same cannot be said of an IRA. Clearly, there are deposit and withdrawal restrictions on any private IRA. *See* 26 U.S.C. § 219 (putting limits on contributions); 26 U.S.C. § 408(a) (requiring that "individual retirement accounts" cannot be invested in life insurance contracts, are non-forfeitable, cannot be commingled with non-trust fund property). Accordingly, when John transferred the 401(k) money to an IRA, it became a permanent investment as opposed to money similar to that in a checking account. The fact that the money ended up in a checking account is immaterial since it had already lost its exempt character.

## <u>CONCLUSION</u>

Based on the foregoing, Debtor's interest in the funds at issue may not be claimed as exempt under Idaho Code § 11-207. To do so would be a distortion of the statute. Trustee respectfully requests the Court sustain his objection.

Date: 7/29/2009

/s/  Jeremy J. Gugino
Chapter 7 Bankruptcy Trustee

## *CERTIFICATE OF SERVICE*

       I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the individuals so noted below.  I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

U.S. TRUSTEE
  *ECF:* ustp.region18.bs.ecf@usdoj.gov

RANDAL J FRENCH
POB 2730
BOISE, ID 83701-2730

*Served by U.S. MAIL*

/S/  Jeremy J. Gugino
Chapter 7 Bankruptcy Trustee
Date: 7/29/2009